IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH R. SELLERS,

      PLAINTIFF,

      -vs-                          CASE NO. 02-3055-GTV

DEBORAH BUTLER, et al.,

      DEFENDANTS.

## PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, plaintiff, by appointed counsel, and for his reply to defendants' "Objection to Plaintiff's Motion for Leave to File First Amended Complaint and Request for Ruling on Defendant Butler's Motion for Summary Judgment", respectfully submits the following.

1.  Whether the proposed additional defendants and the claims related to them in the proposed Amended Complaint "have nothing to do with the remaining claim in this case of inadequate medical treatment provided by Defendant Butler" as defendant as argued, is not a proper argument with respect to the request for leave to amend, but rather, should be made in response to the Amended Complaint.

The proposed claims against the proposed additional defendants are claims which plaintiff Sellers has instructed to be filed and are claims dependent on discovery once those claims are filed.  Discovery is on-going and certainly may require additional time or modification to the existing Scheduling Order to permit those additional defendants the time they deserve to defend the Amended Complaint.  Such need for additional time is not shown

2

by defendant Butler to cause her any prejudice.

Discovery is on-going.  At the time of this reply, plaintiff has scheduled and obtained a court order requiring the Hutchison Correctional Facility to transport plaintiff to a medical examination and consultation with Dr. Esther Rettig on December 16, 2004.  Plaintiff has scheduled a deposition of treating physician Dr. Griffith for December 18, 2004 in Salina, Kansas.  Plaintiff has requested a deposition of defendant Butler and defendant Butler has agreed to such deposition, to be scheduled at a mutually convenient opportunity.

2.  Plaintiff has responded to defendant Butler's motion for summary judgment.  *See*, Document No. 71.  The factual allegations contained in the proposed Amended Complaint and discussed in plaintiff's memorandum in support of his motion for leave to file the proposed Amended Complaint should be considered as additional response to defendant Butler's motion for summary judgment.  There is ample support by way of facts in dispute in the record to deny the motion for summary judgment, in the event the court should choose to rule on it.

3.  The plaintiff's unrelated litigation history is not relevant nor an appropriate reason to deny his request for amendment in this litigation.  Were this incarcerated plaintiff judged by his unrelated past to determine the merits in this litigation, rather than the facts particular to this action, he would be at a greater disadvantage than he already appears to be.  Whatever was involved in other litigation is not pertinent or properly considered with respect to the pending motion.

WHEREFORE, plaintiff, by appointed counsel, respectfully submits the foregoing

3

reply and asks the court to (1) grant his motion for leave to file an Amended Complaint; and

(2) stay a ruling on the Butler motion for summary judgment until the conclusion of all

discovery.

Respectfully submitted,

COATES & LOGAN, LLC

By_____/s/ Leo L. Logan_____
LEO L. LOGAN        #09973
6804 West 107th Street, Suite 250
Overland Park, KS 66212
Telephone: (913) 381-4000
Telecopier: (913) 381-4011

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on the 12th  day of December, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to Martha M. Snyder, Assistant Attorney General, 120 S.W. 10th Ave., Topeka, Kansas 66612; Rebecca A. Weeks, Kansas Attorney General,120 S.W. 10th Ave., 2nd Floor, Topeka, Kansas 66612, and Matthew W. Rieke, Kansas Attorney General,120 S.W. 10th Ave., 3rd Floor, Topeka, Kansas 66612.

By_____/s/ Leo L. Logan_____
LEO L. LOGAN