DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KENNETH R. SELLERS,**

            **Plaintiff,**

                                      **CIVIL ACTION**

**v.**

                                      **No. 02-3055-DJW**

**DEBORAH BUTLER, et al.,**

            **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Strike (doc. 232) filed by Defendant Prison Health Services, Inc. (PHS), which seeks to strike Plaintiff's response to PHS' Motion for Summary Judgment (doc. 231). Also pending is PHS' alternative motion for extension of time (doc. 233), which requests an extension of time to reply to Plaintiff's response in the event the Court declines to strike the response.

For the following reasons, the Court will deny the Motion to Strike and will grant PHS an additional thirty days to file a reply in support of its Motion for Summary Judgment.

**I.    Background Information**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his serious medical needs while he was in the custody of the Kansas Department of Corrections ("KDOC"). Plaintiff sues PHS, which provided medical services to Plaintiff while he was incarcerated at the Ellsworth Correctional Facility ("ECF"). He also sues Deborah Butler, a KDOC employee and the Director of Nursing for PHS during the period Plaintiff resided at ECF; William Cummings, Correctional Manager/Secretary of Corrections Designee for KDOC; Cody Couch, a Unit Team Counselor at ECF; Raymond Roberts, the Warden at ECF; and

Roger Werholtz, Secretary of Corrections for the state of Kansas (collectively "the State Defendants").

PHS moves to strike the response that Plaintiff has filed in opposition to PHS's Motion for Summary Judgment. PHS contends the response should be stricken because it fails to comply with Federal Rule of Civil Procedure 56 and D. Kan. Rule 56.1(b)(1). PHS also asserts that the section of Plaintiff's response entitled "Additional Material Facts" should be stricken because it (1) contains "redundant allegations" that are insufficient to defeat PHS' Motion for Summary Judgment, and (2) does not comply with D. Kan. Rule 56.1(b)(2).

## II.   Motion to Strike

### A.   The Standards for Striking a Pleading

The standards for ruling on a motion to strike are well established. Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter."[1] Because striking an entire pleading, or a portion thereof, is a drastic remedy, and because a motion to strike may often be brought as a dilatory tactic, motions to strike under Rule 12(f) are generally disfavored.[2]

This Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties.[3] While motions

---

[1] Fed. R.Civ. P. 12(f).

[2] *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005); *Pencro Assoc., Inc. v. Sprint Corp.*, No. 04-2459-JWL, 2005 WL 950626, at *1 (D. Kan. Apr. 25, 2005); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998);

[3] *Thompson*, 2005 WL 2219325, at *1.

to strike are generally disfavored, the decision to grant a motion to strike lies within the court's sound discretion.[4]

### B. Should the Court Strike Plaintiff's Response for Failure to Comply with Rule 56 and D. Kan. Rule 56.1(b)(1)?

As noted above, PHS urges the Court to strike Plaintiff's response to PHS' Motion for Summary Judgment on the basis that the response fails to comply with D. Kan. Rule 56.1(b)(1) and Federal Rule of Civil Procedure 56.

Pursuant to D. Kan. Rule 56.1(b)(1), which is a Rule of Practice and Procedure of this Court, a memorandum in opposition to a motion for summary judgment "shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists."[5] In addition, each fact in dispute is to be numbered by paragraph and is to "refer with particularity to *those portions of the record upon which the opposing party relies*."[6] If applicable, the response is required to state the number of the movant's fact that is disputed.[7]

In addition, Federal Rule of Civil Procedure 56(e) provides in pertinent part as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

---

[4]*Pencro*, 2005 WL 950626, at *1; *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003).

[5]D. Kan . Rule 56.1(b)(1).

[6]*Id.* (emphasis added)

[7]*Id.*

3

genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.[8]

Rule 56(e) further provides that opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence.[9]

This Court typically declines to strike a response to a motion for summary judgment or a supporting affidavit that does not comply with D. Kan. Rule 56.1 or Federal Rule of Civil Procedure 56(e), and instead simply disregards those portions of the response or affidavit that do not comply.[10] The Court will follow this practice here, and will decline to strike Plaintiff's response.[11] The Court will instead disregard those portions of Plaintiff's response that do not comply with D. Kan. Rule 56.1(b) or Rule 56(e).

---

[8]Fed. R. Civ. P. 56(e).

[9]*Id.*

[10]*See, e.g., Quint v. Cox,* 348 F. Supp. 2d 1243, 1244-45 & n.2. (D. Kan. 2004) (denying motion to strike summary judgment response for failure to follow Fed. R. Civ. P. 56 and court's local rules, and instead taking into consideration non-complying party's exhibits and summary judgment record as a whole); *Litton v. Maverick Paper Co.*, 388 F. Supp. 2d 1261, 1268 (D. Kan. 2005) (noting the court ordinarily does not strike affidavits but simply disregards those portions which are not shown to be based upon personal knowledge or otherwise do not comply with Rule 56(e), and noting that court will instead only consider those facts of the responding party that comply with D. Kan. Rule 56.1(b); *Hergert v. Shaw*, No. 00-2281-GTV, 2001 WL 487915, at *2 (D. Kan. Apr. 27, 2001) (declining to strike response to motion for summary judgment for failure to comply with D. Kan. Rule 56.1(b)); *see also Biglow v. Boeing Co.*, 182 F. Supp. 2d 1037, 1039 n.2 (D. Kan. 2001); (court will disregard any factual assertions made in violation of D. Kan. Rule 56.1(b)).

[11]The Court notes that Plaintiff's response appears to provide proper support for some of his factual assertions. For example, Plaintiff cites to various portions of Dr. Frank Griffith's deposition testimony.

Although the Court disapproves of Plaintiff's failure to comply with D. Kan. Rule 56.1(b)(1) and Federal Rule of Civil Procedure 56(e) with respect to at least portions of his response, the Court concludes that PHS has not been prejudiced by Plaintiff's noncompliance.[12] Also, the Court is aware that Plaintiff is proceeding pro se, and recognizes that "pro se litigants should not succumb to summary judgment merely because they fail to comply with technical requirements in defending such a motion."[13] To strike Plaintiff's entire response would unfairly penalize Plaintiff.

For these reasons, the Court will decline to strike Plaintiff's response for failure to comply with D. Kan. Rule 56.1(b)(1) or Federal Rule of Civil Procedure 56(e). The Court will instead disregard those portions of Plaintiff's response that are not in compliance.

**C.    Should the Court Strike Plaintiff's "Statement of Additional Material Facts"?**

As noted above, PHS argues that the portion of Plaintiff's response entitled "Statement of Additional Material Facts" should be stricken because those purported "facts" are "redundant allegations."[14] PHS maintains that these "facts" are not really facts supported by the record, but are merely Plaintiff's allegations, as found in his Complaint and Pretrial Order. PHS argues that because Plaintiff fails to provide support for his additional factual statements, PHS should not be

---

[12]See *Hergert*, 2001 WL 487915, at *2 (declining to strike response to summary judgment motion based on party's failure to comply with D. Kan. Rule 56.1(b) where party moving for summary judgment had not shown prejudice).

[13]*Mahaffie v. Potter*, 434 F. Supp. 2d 1041, 1044 (D. Kan. 2006) (citing *Woods v. Roberts*, 1995 WL 65457, 47 F.3d 1178 (10th Cir.1995); *Hass v. U.S. Air Force*, 848 F.Supp. 926, 929 (D. Kan. 1994)). *Accord Brown v. Fisher*, No. 05-2268-KHV, 2006 WL 470580, at *2 (D. Kan. Feb. 27, 2006).

[14]PHS Mot. to Strike (doc. 232) at p.5.

5

required to respond to them or wade through the Court file in an effort to comprehend them or find factual support for them.

PHS also argues that Plaintiff's "Additional Material Facts" are improper because Plaintiff has failed to comply with D. Kan. Rule 56.1(b)(2). Pursuant to that rule, when a party opposing summary judgment relies on any facts not contained in the moving party's memorandum, the opposing party must "set forth each additional fact in a separately numbered paragraph, *supported by references to the record.*"[15]

The Court notes that many of Plaintiff's "additional facts" contain citations to the record. Thus, some of the additional factual statements do not appear deficient, at least on their face. Morever, the Court disagrees with PHS' characterization of these facts as "redundant" and therefore subject to being stricken. For these reasons, and the reasons set forth above in Part B, the Court will decline to strike Plaintiff's Statement of Additional Facts. The Court will instead disregard any "additional facts" that are unsupported by the record.

### D. Summary of Ruling on PHS' Motion to Strike

For the foregoing reasons, the Court will deny PHS' Motion to Strike. The Court expresses no opinions here concerning the merits of PHS' Motion for Summary Judgment or Plaintiff's opposition thereto. Rather, the court merely finds that under the standards for evaluating a Rule 12(f) motion, Plaintiff's response should not be stricken.

---

[15] D. Kan. Rule 56.1(b)(2) (emphasis added).

**III.     PHS' Alternative Motion for Extension of Time to File Reply**

PHS requests, in the event the Court declines to strike the response, that it be given a period of thirty days to file a reply to Plaintiff's response.  Plaintiff has filed no opposition to this request.

The Court finds that this request should be granted.  PHS shall file its reply brief in support of its Motion for Summary Judgment within **thirty (30) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Prison Health Service, Inc.'s Motion to Strike (doc. 232) is denied.

**IT IS FURTHER ORDERED** that Prison Health Services, Inc.'s Motion for Extension of Time (doc. 233) is granted.  Prison Health Services, Inc. shall file its reply in support of its Motion for Summary Judgment within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:     All counsel and pro se parties