DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KENNETH R. SELLERS,**

          **Plaintiff,**

**v.**

          **CIVIL ACTION**

          **No. 02-3055-DJW**

**DEBORAH BUTLER, et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the State Defendants' Motion for Partial Judgment on the Pleadings (doc. 220). For the reasons set forth below, the Court will grant the motion.

**I.   Background Information**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his serious medical needs while he was in the custody of the Kansas Department of Corrections ("KDOC"). Plaintiff sues PHS, which provided medical services to Plaintiff while he was incarcerated at the Ellsworth Correctional Facility ("ECF"). He also sues Deborah Butler, a KDOC employee and the Director of Nursing for PHS during the period Plaintiff resided at ECF; William Cummings, Correctional Manager/Secretary of Corrections Designee for KDOC; Cody Couch, a Unit Team Counselor at ECF; Raymond Roberts, the Warden at ECF; and Roger Werholtz, Secretary of Corrections for the state of Kansas (collectively "the State Defendants").

Plaintiff initially proceeded in this action pro se. The Court appointed Plaintiff counsel on September 22, 2003.[1] Counsel filed an Amended Complaint on February 2, 2004.[2] Plaintiff continued to be represented by counsel through the discovery process and entry of the Pretrial Order. Plaintiff's counsel was granted leave to withdraw on February 21, 2006.[3]

The State Defendants move for judgment on the pleadings in favor of Defendant Werholtz on the basis that there are no claims, allegations, or requests for relief made against Mr. Werholtz in the Pretrial Order. The State Defendants also move for judgment on the pleadings on Plaintiff's claim for vicarious liability.

## II.   Standard for Ruling on a Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is brought pursuant to Federal Rule of Civil Procedure 12(c) and is analyzed under the same standard that applies to a Rule 12(b)(6) motion to dismiss.[4] Thus, judgment on the pleadings is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief,"[5] or when an issue of law is dispositive.[6] The Court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed

---

[1] *See* doc. 74, Order Appointing Counsel for Plf.

[2] *See* doc. 112, First Amended Compl.

[3] *See* doc. 219, Order Granting Mot. to Withdraw.

[4] *Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005).

[5] *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[6] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

in favor of the party against whom judgment is sought.[7] Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[8]

### III.  Should Judgment on the Pleadings Be Entered in Favor of Defendant Roger Werholtz?

As noted above, the State Defendants seek judgment on the pleadings in favor of Defendant Werholtz on the basis that there are no claims, allegations, or requests for relief asserted against him in the Pretrial Order. In his pro se response to the motion, Plaintiff does not address directly address this issue.

The Court has reviewed the Pretrial Order, and agrees with the State Defendants that no claims, allegations, or requests for relief are asserted against Mr. Werholtz. Indeed, Mr. Werholtz is mentioned only three times in the Pretrial Order:  (1) in the caption of the case, (2) in Stipulation (6), and (3) in Section 12, which deals with amendments. In the caption of the case, Mr. Werholtz is identified as a defendant who is sued in his official capacity as Secretary of Corrections with the Kansas Department of Corrections.[9] Significantly, in Stipulation (6), the parties stipulate that because the only claims Plaintiff has against Mr. Werholtz are now moot, Mr. Werholtz should be dismissed from the action. Stipulation (6) provides as follows:

> Defendant Roger Werholtz ("Werholtz") is the Secretary of Corrections for the State of Kansas. Because the only claims against Defendant Werholtz were claims for

---

[7] *Park Univ. Enter.*, *Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *Beedle*, 422 F.3d at 1063.

[8] *Park Univ.*, 442 F.3d at 1244 (quoting *U.S. v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

[9] Pretrial Order (doc. 22).

3

injunctive relief, which are now moot, Defendant Werholtz should be dismissed from this action without prejudice.[10]

Finally, in Section 12 of the Pretrial Order, the parties indicate that they plan to file a stipulation of dismissal as to Mr. Werholtz. Section 12 provides as follows:

**12.     AMENDMENTS TO PLEADINGS.**

Because the only relief sought against Defendant Werholtz is for injunctive relief,[11] and Plaintiff no longer seeks such relief, the parties agree that he should be dismissed from the action without prejudice. The parties will file a stipulation of dismissal with respect to Defendant Werholtz.[12]

Although no pleading dismissing Mr. Werholtz has ever been filed, there is no question that the parties stipulated to his dismissal in the Pretrial Order. Furthermore, the Pretrial Order asserts no claims or allegations against Mr. Werholtz.

The parties have failed to explain why no stipulation of dismissal was ever filed. The fact that no stipulation of dismissal has been filed, however, is not determinative. It is well settled that the pretrial order supercedes all prior pleadings, establishes the issues to be considered at trial,[13] and controls "the subsequent course of the action unless modified by a subsequent order."[14] As such,

---

[10]*Id.* ¶ 4(a)(6).

[11]Section 11 of the Pretrial Order states that Plaintiff is not seeking any "non-monetary relief" because he "is not currently an inmate with the KDOC." *Id.* ¶ 11.

[12]*Id.* ¶ 12.

[13]*Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002) (citing *Expertise Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987)).

[14]Fed. R. Civ. P. 16(e)). *See also* D. Kan. Rule 16.2(c) ("The pretrial order . . . will control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice.").

4

any claim or theory of damages not included in pretrial order is waived even if it appeared in the complaint.[15]

As the parties stipulated in the Pretrial Order that all claims against Mr. Werholtz are moot and should be dismissed, the Court concludes that Mr. Werholtz should be dismissed from the action. The Court will therefore grant the State Defendants' Motion for Judgment on the Pleadings as it applies to Defendant Roger Werholtz.

### IV. Should Judgment on the Pleadings Be Entered Against Plaintiff on His Vicarious Liability Claim?

In Section 6 of the Pretrial Order, Plaintiff claims that "KDOC is vicariously liable for the acts and omissions of PHS."[16] The State Defendants argue that judgment should be entered against Plaintiff on this claim because KDOC has never been named a defendant. They also argue that even if Plaintiff intended the term "KDOC" to refer to the various State Defendants who worked for KDOC, Plaintiff cannot state a claim for vicarious liability against them, as vicarious liability does not attach under section 1983.

The State Defendants are correct in asserting that KDOC has never been named a defendant in this action. Consequently, Plaintiff can have no claim for vicarious liability against KDOC, even if an allegation were made to that effect in the Pretrial Order.

The State Defendants are also correct in maintaining that the theory of vicarious liability is not recognized under section 1983. The United States Supreme Court has made it clear that

---

[15] *Wilson*, 303 F.3d at 1215.

[16] Pretrial Order (doc. 216), ¶ 6.a(1).

5

"respondeat superior or vicarious liability will not attach under § 1983."[17]  Accordingly, Plaintiff can have no claim for vicarious liability against any of the individual State Defendants.

Plaintiff has provided nothing of substance in his response that would lead to the Court to conclude otherwise about his claim for vicarious liability.  The Court is mindful that Plaintiff is now proceeding in this action pro se and that his response to the motion was filed without the assistance of counsel.  The Court also recognizes that a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.[18]  Nonetheless, the law is clear that vicarious liability does not attach under section 1983.

Accordingly, the Court finds the State Defendants have clearly established that no material issues of fact remain to be resolved and that they are entitled to judgment as a matter of law on any claim of vicarious liability.  The Court will therefore grant the State Defendants' Motion for Judgment with respect to any claim of vicarious liability that Plaintiff may be attempting to assert against KDOC or the State Defendants under section 1983.

**IT IS THEREFORE ORDERED** that the State Defendants' Motion for Partial Judgment on the Pleadings (doc. 220) is granted.

**IT IS FURTHER ORDERED** that judgment on the pleadings is entered against Plaintiff and in favor of Defendant Roger Werholtz.

**IT IS FURTHER ORDERED** that judgment on the pleadings is entered against any claim of vicarious liability that Plaintiff is attempting to assert against the Kansas Department of

---

[17]*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992); *accord City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Dep't of Social Servs.* 436 U.S. 658, 694-95 (1978).

[18]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Corrections or against Defendants Deborah Butler, William Cummings, Cody Couch, or Raymond Roberts.

**IT IS SO ORDERED**.

Dated this 6th day of November 2006.

s/ David J. Waxse  
David J. Waxse  
U. S. Magistrate Judge

cc:     All counsel and pro se parties